| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------------X<br>GLOBAL INDEX, INC.<br><br>                          Plaintiff,<br><br>  -against-<br><br>WACHOVIA CORPORATION, WACHOVIA BANK,<br>N.A. AND KENNEDY THOMPSON,<br><br>                       Defendant- Petitioner.<br>-----------------------------------------------------------------------X | ECF CASE<br><br>Civil Action No.<br>08 CV 2393 (VM)<br><br><br><br>**NOTICE OF REMOVAL AND PETITION FOR REMOVAL** |

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

      The defendant-petitioners, Wachovia Corporation, Wachovia Bank, N.A. and Kennedy Thompson (hereinafter "Defendant-Petitioners") by their undersigned attorneys, Rosner Nocera & Ragone, LLP, respectfully petition this Court, pursuant to 28 U.S.C.A. § 1441, as follows:

      1. On or about January 4, 2008, the above captioned action was commenced by plaintiff and is now pending in the Supreme Court of the State of New York, New York County under Index No. 600027/08 (the "Action"). A trial has not yet been had herein. Copies of the Summons and Complaint, which were served on Defendant-Petitioner Wachovia Bank, NA in Pennsylvania on February 19, 2008, are annexed hereto as Exhibit "1". Defendant-Petitioners have not yet served a pleading responsive to Plaintiff's Complaint, and their time to do so has not elapsed. No further proceedings have taken place in the state court action.

      2. This action arises pursuant to 15 U.S.C. § 1693 as alleged in the Complaint filed by Plaintiff, and accordingly this action is one in which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331.

      3. The Action also involves a controversy between citizens of different states, in that: (a)

the Complaint filed by Plaintiff (i.e., Exhibit "1") in the New York Supreme Court alleges that Plaintiff is a corporation doing business in the State of New York, and (b) Defendant-Petitioner Wachovia Corporation is now and was at the time the action was commenced, a corporation organized and existing under and by virtue of the laws of the State of North Carolina and maintains its principal place of business in the State of North Carolina; (c) Defendant-Petitioner Wachovia Bank, N.A, is a national banking association maintaining its principal place of business in the State of North Carolina; and (d) Defendant-Petitioner Kennedy Thompson is and was a resident of the State of North Carolina.

4. The Action is one in which the District Courts of the United States have original jurisdiction under 28 U.S.C. Section 1332 since there is complete diversity of citizenship between Defendant-Petitioners and Plaintiff.  In addition, as explained below, plaintiff alleges that the amount in controversy exceeds $75,000.

5. The Plaintiff's Complaint (i.e. Exhibit "1") in the Action seeks monetary damages against Defendant-Petitioners and provides, in part as follows:

> Judgment against the Defendants awarding compensatory damages including treble the principal amount of unauthorized electronic fund transfer, [$9,785.50] an amount of $50,000, and costs of suit with attorney's fees, to be determined at trial, but in no event less than $100,000;

6. This Notice of Removal is being filed within thirty (30) days after receipt by Defendant-Petitioners or of a copy of Plaintiff's Complaint by service or otherwise, as required by 28 U.S.C.A. § 1446 (b).

7. Written notice of the filing of this Notice of Removal will be given to plaintiffs' counsel promptly after the filing of this Notice.

8. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of New York promptly after filing of this Notice.

9. Attached to this Notice of Removal, and by reference made part hereof, are true and correct copies of all process and pleadings in this Action.

10. By filing this Notice of Removal, Defendant-Petitioners do not waive any defenses which may be available to them, specifically including, but not limited to, their right to contest *in personam* jurisdiction, improper service of process, and the absence of venue in this Court or the Court from which this Action has been removed and/or any other defenses which may be presented.

WHEREFORE, Defendant-Petitioners pray that the above-captioned Action now pending in the Supreme Court in the State of New York, County of New York be removed therefrom to this Court.

Dated:  New York, New York
        March 7, 2008

                                              ROSNER NOCERA & RAGONE

                                              By: ___\S\John P. Foudy_____
                                                  Peter A. Ragone (PAR-6714)
                                                  John P. Foudy (JF-7322)
                                                  Attorneys for Defendant/Petitioners
                                                  110 Wall Street, 23rd Floor
                                                  New York, NY 10005
                                                  (212) 635-2244

To:   Abel L. Pierre, Esq.
      Law Office of Abel L. Pierre
      Attorney At Law, P.C.
      31 Smith Street, Suite 2
      Brooklyn, NY 11201

cs.global.Removal
3/08

3

RECEIVED
FEB 22 2008
LEGAL DIVISION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
Global Index, Inc.,

Index No.: 600027/08

            Plaintiff

**SUMMONS**

-against-

RECEIVED
FEB 19 2008
LEGAL DIVISION
PHILADELPHIA

Wachovia Corporation, Wachovia Bank, N.A.
and Kennedy Thompson,

            Defendants.
------------------------------------------------------------X

**To the above named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates County of New York as the venue.

Dated: January 2, 2008

                                    ABEL L. PIERRE, ESQ.
                                    LAW OFFICE OF ABEL L. PIERRE,
                                    ATTORNEY-AT-LAW, P.C.
                                    31 SMITH STREET, SUITE 2
                                    BROOKLYN, NEW YORK 11201
                                    TEL: (718) 797-3323
                                    FAX: (718) 797-3324

NEW YORK
COUNTY CLERK'S OFFICE
JAN 04 2008
NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X   Index No.:
Global Index, Inc.,
         Plaintiff

-against-                                                    **COMPLAINT**


Wachovia Corporation, Wachovia Bank, N.A.
and Kennedy Thompson,

         Defendants.
-----------------------------------------------------------X

    Plaintiff, Global Index, Inc. through its attorney Abel Pierre, Esq. hereby alleges as follows:

    This is an action under the Electronic Fund Transfer Act 1978 to recover the amounts charged on the checking account of the Plaintiff through unauthorized electronic fund transfers.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to Article VI, Section 7 of the Constitution of the State of New York. This action is authorized and instituted pursuant to § 915 of the Electronic Fund Transfer Act 1978, as amended, and codified at 15 U.S.C. 1693 m.

2. Defendant Wachovia Corporation is a corporation doing business in New York City. Defendant Kennedy Thompson is its President, and Defendant Wachovia Bank, N.A. is the house of Plaintiff's checking account located at Three Route Nine, Manalapan, New Jersey 07726.

## PARTIES

3. At all relevant times Plaintiff Global Index, Inc. is a corporation doing business in New York.

4. Upon information and belief, Defendant Wachovia Corporation is a corporation created under the laws of the State of North Carolina. At all relevant times Defendant Wachovia Corporation was authorized and was conducting business within the State of New York.

5. Upon information and belief, Defendant Kenney Thompson at all relevant times has been a resident of the State of North Carolina doing business within the State of New York.

6. Upon information and belief, Defendant Wachovia Bank, N.A. is a corporation created under the laws of the State of North Carolina. At all relevant times Defendant Wachovia Bank, N.A. was authorized and was conducting business within the State of New Jersey.

## FACTS

7. The Plaintiff operated a business checking account with the Defendants Wachovia Bank, N.A. and Defendant Wachovia Corporation Defendant. Wachovia Bank, N.A. and Defendant Wachovia Corporation Defendant issued a debit card, linked to the said checking account, to Plaintiff. The debit card, when used with a secret code known to the Plaintiff only, allowed the Plaintiff to do money transactions, including electronic fund transfers, which became charged to the said checking account. The debit card could be used, other than at ATMs, at certain merchant

locations also for purchases, purchases with cash back, and sometimes for cash withdrawals.

8. The Plaintiff was in possession of the debit card at all points of time.

9. Without Plaintiff's knowledge or authority, several unauthorized electronic fund transfers took place on 08/21/03, 08/25/03, and 08/26/03 charging $ 9785.80 on his checking account.

10. The Plaintiff discovered the above-mentioned unauthorized charges in early September 2003 when it received an account statement of the checking account from the Defendant Wachovia Corporation for the period 08/21/03 through 08/28/03. The account statement reflected, over and above the unauthorized transfers worth $ 9785.80, a deficit of $ 596.84 on account of overdraft charges.

11. The Plaintiff brought the matter of unauthorized charges on their checking account to the attention of Defendants Wachovia Corporation and Wachovia Bank, N.A. and its agents in a timely manner through a series of communications asking them to reimburse the unauthorized charges debited from their checking account.

12. The Defendants have denied their responsibility to reimburse and re-credit the Plaintiff's checking account, in writing, at least on three occasions. The reasons set forth by the Defendants for denying responsibility for the unauthorized transfers are conflicting.

13. The Plaintiff suffered economic loss because of the unauthorized fund transfers from their checking account that the defendants refused to re-credit.

## CAUSE OF ACTION

14. Plaintiff repeat and restate each and every allegation set forth in paragraphs 1 – 13 above with the same force and effect as if restated in full herein.

15. The Defendants did not make a good faith investigation into the errors/ unauthorized transfers alleged by the Plaintiffs.

16. The Defendants' conclusion that there were no errors or unauthorized fund transfers involving the Plaintiff's checking account is without reasonable basis.

17. The Defendants knowingly and willfully concluded that the Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the Defendants at the time of their investigation.

18. Defendants were negligent in that Defendants, breached duty their duty to safeguard the funds in Plaintiff's account, the proximate cause of said breach result in the suffering of harm by the Plaintiff.

19. The Defendants' act and omissions constitute violation of the provisions of the Electronic Fund Transfer Act 1978, especially Section 908 (e) thereof.

**WHEREFORE**, Plaintiff respectfully request for grant of judgment for the Plaintiffs and award relief as follows:

1. Judgment against the Defendants awarding compensatory damages including treble the principal amount of unauthorized electronic fund transfer, an amount of $ 50,000, and costs of suit with attorney's fees, to be determined at trial, but in no event less than $ 100,000;

2. Such further reliefs as this Court deems fit to grant.

Dated: State of New York, County of Kings
      January 2, 2008

                                             ABEL L. PIERRE, ESQ.
                                             LAW OFFICE OF ABEL L. PIERRE,
                                             ATTORNEY-AT-LAW, P.C.
                                             31 SMITH STREET, SUITE 2
                                             BROOKLYN, NEW YORK 11201
                                             TEL:  (718) 797-3323
                                             FAX:  (718) 797-3324

Index No.:                    Year: 2008

GLOBAL INDEX, INC.,

                              *Plaintiff,*

-*against*-

WACHOVIA CORPORATION, WACHOVIA BANK, N.A., AND KENNEDY THOMPSON,

                              *Defendants.*

## SUMMONS AND COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

ABEL L. PIERRE, ESQ.

*Attorney for* Plaintiff

    *Office and Post Office Address, Telephone*

         31 SMITH STREET
            SUITE #2
      BROOKLYN, NY 11201
        (718) 797-3323

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated

      …………………………………………..

Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
Global Index, Inc.,

Index No.: 600027/08

Plaintiff

**SUMMONS**

-against-

Wachovia Corporation, Wachovia Bank, N.A.
and Kennedy Thompson,

Defendants.
-------------------------------------------------------X

**To the above named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates County of New York as the venue.

Dated: January 2, 2008

                                             ABEL L. PIERRE, ESQ.
                                             LAW OFFICE OF ABEL L. PIERRE,
                                             ATTORNEY-AT-LAW, P.C.
                                             31 SMITH STREET, SUITE 2
                                             BROOKLYN, NEW YORK 11201
                                             TEL: (718) 797-3323
                                             FAX: (718) 797-3324

NEW YORK
COUNTY CLERK'S OFFICE
JAN 04 2008
NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
Global Index, Inc.,                                           Index No.:
           Plaintiff

-against-                                                     **COMPLAINT**

Wachovia Corporation, Wachovia Bank, N.A.
and Kennedy Thompson,

           Defendants.
-----------------------------------------------------------X

    Plaintiff, Global Index, Inc. through its attorney Abel Pierre, Esq. hereby alleges as follows:

    This is an action under the Electronic Fund Transfer Act 1978 to recover the amounts charged on the checking account of the Plaintiff through unauthorized electronic fund transfers.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to Article VI, Section 7 of the Constitution of the State of New York. This action is authorized and instituted pursuant to § 915 of the Electronic Fund Transfer Act 1978, as amended, and codified at 15 U.S.C. 1693 m.

2. Defendant Wachovia Corporation is a corporation doing business in New York City. Defendant Kennedy Thompson is its President, and Defendant Wachovia Bank, N.A. is the house of Plaintiff's checking account located at Three Route Nine, Manalapan, New Jersey 07726.

## PARTIES

3. At all relevant times Plaintiff Global Index, Inc. is a corporation doing business in New York.

4. Upon information and belief, Defendant Wachovia Corporation is a corporation created under the laws of the State of North Carolina. At all relevant times Defendant Wachovia Corporation was authorized and was conducting business within the State of New York.

5. Upon information and belief, Defendant Kenney Thompson at all relevant times has been a resident of the State of North Carolina doing business within the State of New York.

6. Upon information and belief, Defendant Wachovia Bank, N.A. is a corporation created under the laws of the State of North Carolina. At all relevant times Defendant Wachovia Bank, N.A. was authorized and was conducting business within the State of New Jersey.

## FACTS

7. The Plaintiff operated a business checking account with the Defendants Wachovia Bank, N.A. and Defendant Wachovia Corporation Defendant. Wachovia Bank, N.A. and Defendant Wachovia Corporation Defendant issued a debit card, linked to the said checking account, to Plaintiff. The debit card, when used with a secret code known to the Plaintiff only, allowed the Plaintiff to do money transactions, including electronic fund transfers, which became charged to the said checking account. The debit card could be used, other than at ATMs, at certain merchant

locations also for purchases, purchases with cash back, and sometimes for cash withdrawals.

8. The Plaintiff was in possession of the debit card at all points of time.

9. Without Plaintiff's knowledge or authority, several unauthorized electronic fund transfers took place on 08/21/03, 08/25/03, and 08/26/03 charging $ 9785.80 on his checking account.

10. The Plaintiff discovered the above-mentioned unauthorized charges in early September 2003 when it received an account statement of the checking account from the Defendant Wachovia Corporation for the period 08/21/03 through 08/28/03. The account statement reflected, over and above the unauthorized transfers worth $ 9785.80, a deficit of $ 596.84 on account of overdraft charges.

11. The Plaintiff brought the matter of unauthorized charges on their checking account to the attention of Defendants Wachovia Corporation and Wachovia Bank, N.A. and its agents in a timely manner through a series of communications asking them to reimburse the unauthorized charges debited from their checking account.

12. The Defendants have denied their responsibility to reimburse and re-credit the Plaintiff's checking account, in writing, at least on three occasions. The reasons set forth by the Defendants for denying responsibility for the unauthorized transfers are conflicting.

13. The Plaintiff suffered economic loss because of the unauthorized fund transfers from their checking account that the defendants refused to re-credit.

## CAUSE OF ACTION

14. Plaintiff repeat and restate each and every allegation set forth in paragraphs 1 – 13 above with the same force and effect as if restated in full herein.

15. The Defendants did not make a good faith investigation into the errors/ unauthorized transfers alleged by the Plaintiffs.

16. The Defendants' conclusion that there were no errors or unauthorized fund transfers involving the Plaintiff's checking account is without reasonable basis.

17. The Defendants knowingly and willfully concluded that the Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the Defendants at the time of their investigation.

18. Defendants were negligent in that Defendants, breached duty their duty to safeguard the funds in Plaintiff's account, the proximate cause of said breach result in the suffering of harm by the Plaintiff.

19. The Defendants' act and omissions constitute violation of the provisions of the Electronic Fund Transfer Act 1978, especially Section 908 (e) thereof.

**WHEREFORE**, Plaintiff respectfully request for grant of judgment for the Plaintiffs and award relief as follows:

1. Judgment against the Defendants awarding compensatory damages including treble the principal amount of unauthorized electronic fund transfer, an amount of $ 50,000, and costs of suit with attorney's fees, to be determined at trial, but in no event less than $ 100,000;

2. Such further reliefs as this Court deems fit to grant.

Dated: State of New York, County of Kings
January 2, 2008

                                      ABEL L. PIERRE, ESQ.
                                      LAW OFFICE OF ABEL L. PIERRE,
                                      ATTORNEY-AT-LAW, P.C.
                                      31 SMITH STREET, SUITE 2
                                      BROOKLYN, NEW YORK 11201
                                      TEL:  (718) 797-3323
                                      FAX:  (718) 797-3324

Index No.:   Year: 2008

GLOBAL INDEX, INC.,

         *Plaintiff,*

-against-

WACHOVIA CORPORATION, WACHOVIA BANK, N.A., AND KENNEDY THOMPSON,

         *Defendants.*

## SUMMONS AND COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

ABEL L. PIERRE, ESQ.

*Attorney for* Plaintiff

*Office and Post Office Address, Telephone*

31 SMITH STREET
SUITE #2
BROOKLYN, NY 11201
(718) 797-3323

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated

   ...............................................

Attorney(s) for