UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Civil Action No.
GLOBAL INDEX, INC.                                                          08 CV 2393 (VM)

                                  Plaintiff,   **AMENDED ANSWER AND COUNTERCLAIM**

    -against-

WACHOVIA CORPORATION, WACHOVIA BANK,
N.A. AND KENNEDY THOMPSON,

                             Defendant-Petitioner.
------------------------------------------------------------------------X

       Defendants, by and through their attorneys, Rosner Nocera & Ragone, LLC, as and for their Amended Answer to plaintiff's Complaint, allege upon information and belief as follows:

## AS TO JURISDICTION AND VENUE

       1.      Admit that in paragraph "1" of the Complaint, plaintiff purports to invoke jurisdiction of this Court pursuant to Article VI, Section 7 of the Constitution of the State of New York, and that plaintiff further alleges this action is instituted pursuant to § 915 of the Electronic Funds Transfer Act, deny the remaining allegation contained in said paragraph and specifically deny that plaintiff is entitled to recovery against defendants or has a valid claim pursuant to the Electronic Funds Transfer Act, and respectfully refer to this Court the issue of whether jurisdiction lies in this case for determination.

2.	Deny each and every allegation set forth in paragraph "2" of the Complaint, except admit and aver that defendant Wachovia Bank, N.A., maintains a financial center for the transaction of business at Three Route Nine, Manaplan, New Jersey and that defendant G. Kennedy Thompson (incorrectly named and sued herein as "Kennedy Thompson") is the chairman, president and chief executive officer of defendant Wachovia Corporation.

3.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3."

4.	Deny each and every allegation set forth in paragraph "4" of the Complaint, except admit that defendant Wachovia Corporation is a foreign corporation existing under and by virtue of the laws of the State of North Carolina.

5.	Deny each and every allegation set forth in paragraph "5" of the Complaint, except admit that defendant G. Kennedy Thompson is a resident of the State of North Carolina.

6.	Deny each and every allegation set forth in paragraph "6" of the Complaint, except admit and aver that Wachovia Bank, N.A., is a national banking association, organized by and existing under and by virtue of the laws of the United States, maintaining its principal place of business of the State of North Carolina and was and is duly authorized to transact business in the State of New Jersey.

## AS TO THE ALLEGED FACTS

7.    Deny each and every allegation set forth in paragraph "7" of the Complaint, except admit that plaintiff maintained a Commercial Checking Account with Wachovia Bank, N.A., namely account No. 200009754588, and a Custom Checking Account No. 2000009754504, which accounts were subject to a certain Deposit Agreement and Disclosures for Commercial Accounts, and respectfully refer this honorable Court to such for all terms, conditions, rules and procedures contained therein, and deny knowledge or information sufficient to form a belief as to the truth of the plaintiff's allegations that only plaintiff knew the PIN code for any Debit or ATM card issued to plaintiff.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8".

9.    Deny each and every allegation contained in paragraph "9" of the Complaint.

10.    Deny each and every allegation contained in paragraph "10" of the Complaint.

11.    Deny each and every allegation contained in paragraph "11" of the Complaint, except admit that plaintiff requested defendant Wachovia Bank, N.A. to reimburse amounts debited from plaintiff's checking account.

12. Deny each and every allegation contained in paragraph "12" of the Complaint, except admit that defendants have not reimbursed plaintiff for the amounts claimed.

13. Deny each and every allegation contained in paragraph "13" of the Complaint.

## AS TO THE CAUSE OF ACTION

14. Defendants repeat, reiterate and reallege each and every response set forth in this answer to the allegations contained in paragraphs "1" through "13", inclusive, of the Complaint as if fully set forth at length herein.

15. Deny each and every allegation contained in paragraph "15" of the Complaint.

16. Deny each and every allegation contained in paragraph "16" of the Complaint.

17. Deny each and every allegation contained in paragraph "17" of the Complaint.

18. Deny each and every allegation contained in paragraph "18" of the Complaint.

19. Deny each and every allegation contained in paragraph "19" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20.     The Complaint, and each and every cause of action and claim for relief contained therein, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21.     Defendant G. Kennedy Thompson, incorrectly sued herein as defendant "Kennedy Thompson" (hereinafter "defendant Thompson") was, at all relevant times asserted in the complaint, acting as an agent for a disclosed principal and is therefore not a proper party to this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22.     Defendant Thompson, was at all relevant times asserted in the Complaint, acting in the scope of his employment as the president, chairman and chief executive officer of defendant Wachovia Corporation, and as such the Complaint should be dismissed as to defendant Thompson.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23.     Defendant Thompson does not reside in, or personally transact business in the State of New York.  Therefore this Court lacks subject matter jurisdiction with respect to such defendant, and the Complaint should be dismissed as to such defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24.     Defendant Thompson does not reside in, or personally transact business in the State of New York.  Therefore this Court lacks personal jurisdiction with respect

to such defendant, and the Complaint should be dismissed as to such defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25.     Defendant Thompson was not served with the Summons and Complaint in this action, and therefore, the Court does not have personal jurisdiction over such defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26.     The funds transfers which are the subject of the Complaint were authorized by plaintiff, and as a result, plaintiff's Complaint, and each and every cause of action and claim for relief asserted therein should be dismissed as against defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27.     Upon information and belief, on or before August 14, 2003, plaintiff entrusted non-party Mary Curwin with a debit and/or ATM card which was linked to the account(s) identified in the Complaint.

28.     The transactions alleged in the Complaint occurred during the time that Mary Curwin was entrusted with such debit and/or ATM card and prior to any revocation of her authority.

29.     Plaintiff's Complaint, and each and every cause of action and claim for relief set forth therein, are barred as against defendants.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

30.     Defendants repeat, reiterate and reallege each and every allegation set forth in paragraphs "27" through "29", inclusive of this Answer with the same force and effect as if set forth herein.

31.     By entrusting Mary Curwin with a debit or ATM card linked to the account(s) identified in the Complaint, defendant assumed the risk of the alleged loss and acts complained of, and as a result, defendants have no liability to plaintiff.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

32.     Plaintiff is estopped from denying that the funds transfers complained of were unauthorized.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

33.     Plaintiff's Complaint, and each and every cause of action and claim for relief asserted therein, are barred against defendants by virtue of the terms of the Deposit Agreement and Disclosures for Commercial Accounts and/or other agreements, conditions, rules and regulations applicable to the accounts identified in plaintiff's complaint at defendant Wachovia Bank, N.A.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

34.     The causes of action alleged in the Complaint are barred by the terms of plaintiff's account agreements with Wachovia Bank N.A., including, but not limited to, the failure to comply with plaintiff's contractual obligation to review their account statements and timely report any discrepancies or irregularities to Wachovia Bank, N.A.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's Complaint, and each and every cause of action and claim for relief asserted therein, are barred pursuant to the agreement(s) and terms of account in effect between plaintiff and/or authorized officers and owners; and any non-party, which terms, <u>inter alia</u>, authorized and or permitted such non-party to initiate Automated Clearing House ("ACH") (electronic) debits from plaintiff's bank accounts including the debits complained of by plaintiff herein.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

36. Plaintiff has not suffered the damages asserted as a result of the transactions, complained of in plaintiff's Complaint, as such transactions, even if not expressly authorized (which is denied), were apparently authorized and/or constituted payments which were made, in whole or in part, in satisfaction of a bona-fide debt owed by plaintiff.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

37. Plaintiff's Complaint, and each and every cause of action and claim for relief asserted therein, are barred against defendants pursuant to the applicable Statutes of Limitations, including, but not limited to, the one year limitation contained in 15 U.S.C. § 1693m(g).

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

38. Any alleged violation of the Electronic Funds Transfer Act by defendants which is denied, was not intentional and resulted from a bona-fide error

notwithstanding the maintenance of procedures reasonable adapted to avoid such error, and accordingly pursuant to 15 U.S.C. § 1693m(c), defendants have no liability to plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

39.    Any alleged acts or inactions taken by defendants were made in good faith and in conformity with applicable rules, regulations and interpretations of the Federal Reserve System and Board, which good faith conformity is a complete defense to the claims ad causes of action asserted by plaintiff.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

40.    Plaintiff's Complaint, and each and every cause of action and claim for relief asserted therein, are barred in whole or in part pursuant to U.C.C. § 4-A-505, as plaintiff is precluded from objecting to any debit made to its account more than one year after receiving notification by bank statement, charge card statement, or by other means, of any such debit complained of.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

41.    Plaintiff's Complaint, and each and every cause of action and claim for relief set forth therein, are barred in whole or in part pursuant to the terms, limitations and conditions of the Deposit Agreement and Disclosures for Commercial Accounts applicable to plaintiff's accounts identified in the Complaint, as plaintiff failed to object or provide appropriate and necessary notice of such within the time required by the Deposit Agreement and Disclosures for Commercial Accounts and other agreements

applicable to plaintiff's accounts identified in the Complaint and/or other agreements, conditions rules and regulations applicable to such at defendant Wachovia Bank, N.A.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

42.     The alleged damages asserted by plaintiff in the Complaint were caused by the acts of 3rd parties over whom defendants exercised no control, and as a result, defendants have no liability to plaintiff.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

43.     Defendants did not breach any alleged duty owed to plaintiff, and as a result, defendants have no liability to plaintiff.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

44.     The claims and causes of action asserted in the Complaint are barred by the existence of a debtor/creditor relationship by and among plaintiff and Wachovia Bank, NA, which did not give rise to any special or fiduciary duties running from Wachovia Bank, NA to plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

45.     The claims and causes of action asserted in the Complaint must be dismissed because plaintiff has failed to join one or more necessary and indispensable parties.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

46.     Any damages recoverable under the Complaint are diminished, in whole or in part, by plaintiff's comparative negligence, in the proportion that plaintiff's

culpable conduct bears to the culpable conduct that caused the alleged damages.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

47. The causes of action and claims for relief alleged in plaintiff's Complaint are barred by the doctrines of wavier and/or estoppel.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff did not suffer any losses proximately caused by or attributable to defendants' conduct, and as a result, plaintiff's Complaint should be dismissed.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff has failed to mitigate any claimed damages it allegedly sustained as a result of defendants' actions or inaction, and as a result plaintiff's Complaint should be dismissed.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

50. At the time of this Answer, defendants do not know which additional affirmative defenses, if any, may apply.  Rather than waive same, defendants reserve the right to amend this Answer to assert additional matters constituting an avoidance or affirmative defense which may be revealed through the course of discovery.

### AS AND FOR A FIRST COUNTERCLAIM

51. Pursuant to the Deposit Agreement and Disclosures for Commercial Accounts (hereinafter the "Account Agreement") between Wachovia Bank, N.A. and plaintiff, in effect at the time of the occurrences alleged in the Complaint, plaintiff, among other things, agreed to reimburse Wachovia for certain costs and expenses,

including attorneys fees.  In this regard, the Account Agreement provides as follows:

> CONFLICTS/DISPUTES INVOLVING THE ACCOUNT
>
> If we receive an actual or potential claim from a third party regarding your account, or conflicting instructions or claims from authorized signors, we may, at our discretion, choose not to pay out any money from your account until we receive consistent instructions from all parties or a court order, all without liability to you. We may also, without liability to you, close the account and issue a check made payable to you and each authorized signor or you and each claimant as we deem necessary, or we may interplead the funds into court. <u>You agree to reimburse us for any loss, costs or expenses including, without limitation, attorneys' reasonable fees and the costs of litigation (to the extent permitted by law) that we incur as a result of any dispute involving your account</u>, and you authorize us to deduct any such, costs, or expenses from your account without prior notice to you.  <u>This obligation includes any dispute between you and us involving the account</u> and situation where we become involved in any dispute between you and an authorized signor, another joint owner, or a third party claiming an interest in the account.  It also includes any situation where you, an authorized signor, another joint owner, or a third party takes action with respect to the account that causes us, in good faith, to seek the advice of counsel, whether or not we actually become involved in a dispute.

(emphasis added).

  52. Defendants deny liability to plaintiff for the losses alleged in the Complaint, and asserts that plaintiff is and will be liable to defendant Wachovia Bank, N.A. for all of Wachovia Bank N.A.'s costs and expenses, including reasonable attorneys fees, costs and disbursements incurred in ths action.

  WHEREFORE, defendants demand judgment against plaintiff: (a) dismissing the plaintiffs' Complaint against each of them with prejudice, (b) on the Counterclaim, for all costs and expenses of this litigation, including, without limitation, the reasonable

attorney's fees incurred by defendant Wachovia Bank, N.A., and c) awarding defendants the costs of suit and such other and further relief as the Court deems just and proper under the circumstances.

Dated:     New York, New York
           March 13, 2008

                                ROSNER NOCERA & RAGONE

                                By:  \S\John P. Foudy_____
                                    Peter A. Ragone (PAR-6714)
                                      John P. Foudy (JPF- 7322)
                                Attorneys for Defendant/Petitioners
                                110 Wall Street, 23rd Floor
                                New York, New York 10005
                                (212) 635-2244

To:    Abel L. Pierre, Esq.
       Law Office of Abel L. Pierre
       Attorney At Law, P.C.
       31 Smith Street, Suite 2
       Brooklyn, NY 11201

cs:2global.answer
03/08

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                           ss:
COUNTY OF NEW YORK )

I, Elena Berger, being duly sworn, depose and say:

deponent is not a party to the action, is over the age of 18 years and resides in Brooklyn, New York.

That on March 13, 2008 Deponent served the within Amended Answer and Counterclaim

TO:   Abel L. Pierre, Esq.
      Law Office of Abel L. Pierre
      Attorneys At Law, P.C.
      31 Smith Street, Suite 2
      Brooklyn, New York 11201

the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Elena Berger

Sworn to before me this
13th day of March, 2008

_____
Notary Public

CRAIG O'CONNOR
Notary Public, State of New York
No. 01OC6150437
Qualified in Queens County
Commission Expires July 24, 2010